*In re* CLEAR CREEK SPECIAL DRAINAGE DISTRICT OF CASS COUNTY—(DAVID CARLS *et al.*, Commissioners of the Clear Creek Special Drainage District of Cass County, Petitioners-Appellees, *v.* MEDE ANDERSON *et al.*, Respondents (Louise Lord *et al.*, Objectors-Appellants).)

(No. 12441;

Fourth District—October 31, 1974.

*Rehearing denied December 10, 1974.*

Samuel S. Blane, of Petersburg, for appellants Ralph and Louise Lord.

Howard S. White, of Havana, for appellants Rudy Korte *et al.*

Milton McClure of McClure, McClure & Brannan, of Beardstown, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The Commissioners of Clear Creek Special Drainage District filed a petition, in the circuit court of Cass County, to annex lands to the district. Objections were filed by appellants, the owners of lands sought to be annexed. After extensive hearings, the trial judge found that the lands would be benefited by the proposed improvements and allowed the petition to annex and the percentage of assessment attributed to the improvement.

Appellants urge that (1) the findings of the trial judge are contrary to the manifest weight of the evidence (both as to benefits, and as to one tract, the percentage of assessment attributed), and (2) that the district was without authority to annex. We affirm.

For a period of several years prior to December 1969, the Soil Conservation Service, an agency of the United States Department of Agriculture, carried out a study of the problems existing in areas bordering the Illinois River Waterway. One of the areas studied was the Clear Creek watershed which encompasses an area of some 26,000 acres in Cass County, Illinois, and within which lies the Clear Creek Special Drainage District as well as the lands sought to be annexed. A comprehensive plan was developed by the Soil Conservation Service which the Drainage District proposed to implement by annexing the subject lands and expending approximately $172,000 for acquisition of land rights, this expenditure to be funded by a small interest loan from the Farm Home Administration. The balance of the costs, mainly for structural purposes, in the amount of $1,130,740 is to be borne by the Soil Conservation Service.

The easterly portion of the Clear Creek watershed is part of the Illinois

heartland prairie, which is flat, subject to sheet erosion and is becoming subject to gully erosion. Adjoining the prairie area on the west is a transitional area descending from the prairie area to the Illinois River peneplain which extends westerly to the Illinois River. The peneplain is flat and fertile but, petitioners allege, is suffering damages from flooding and sedimentation which originates in the upper portions of the watershed. The difference in elevation between the higher prairie lands and the peneplain is about 200 feet. Normal rain water runoff falls about 33 feet per mile as it passes through the transitional area and acquires a high velocity and heavy sedimentation. The runoff from the prairie and transitional areas is discharged onto the peneplain, in the area sought to be annexed, by three ditches or creeks, the Vette Ditch, Clear Creek and Meyers Branch. The proposed plan of improvements provides, in essence, for a series of structures which would, in periods of heavy rainfall, collect and contain the water, and subsequently release them at a controlled steady rate of flow, thus preventing or reducing flooding and sedimentation in the peneplain area. Structures would also be placed, for flood control purposes, in Clear Creek and Meyers Branch. A series of tributory drainage ditches would be constructed in the lands annexed, and existing ditches would be taken over and maintained by the District.

We find no merit in the contention that the judgment of the trial court is against the manifest weight of the evidence. The "Work Plan" for the Clear Creek watershed, prepared pursuant to the detailed study made of the area in question by the Soil Conservation Service was received in evidence. It describes in minute detail the problems of flooding, erosion, and the resulting annual damages to roads and crops, as well as the problems caused by sedimentation. The petitioners also offered the testimony of one Harrison Phillips, a hydraulic engineer with a background of experience and knowledge in farm drainage problems. Phillips was familiar with the area, and also had the benefit of the details of the "Work Plan." The testimony was in conflict; the objectors claiming no flooding or sedimentation problems and seeing no benefit to be gained by the proposed control measures. The appellants insist that the trial judge placed too much reliance on Phillips' testimony. Phillips' direct testimony and cross-examination consume in excess of 300 pages of the record. He testified in detail as to each tract sought to be annexed and to the benefits occurring to each tract as a result of the improvements. That the trial judge is charged with the task of determining the credibility of the witnesses and the weight to be given their testimony is a principle too well established to require citation. The judgment of the trial court is not against the manifest weight of the evidence in any particular.

■■ Section 8—3 (Ill. Rev. Stat. 1971, ch. 42, par. 8—3) of the Illinois Drainage Code provides that "[w]hen any land lying outside of a district * * * has been or will be benefited or protected by any district work done or ordered to be done, the commissioners may petition the court to annex such land to the district." It was under this provision that the proceedings in this case were instituted in the trial court. The parties agree that the crux of this case is whether or not the various tracts in question will be benefited by the work above described. We have indicated that the trial judge's affirmative answer to that question is not against the manifest weight of the evidence.

Appellants urge, however, that the above-quoted provision of the statute was not intended to permit enlargement of a drainage district "* * * beyond what would be required for purposes of the district as originally constituted * * *" and that the trial judge lacked both jurisdiction and authority to enter the order in question. In support of this argument appellants cite three cases: *People ex rel. King v. North Fork Outlet Drainage District*, 331 Ill. 68, 162 N.E. 184; *People ex rel. Clifton v. Swearingen*, 273 Ill. 630, 113 N.E. 166; and *Westerhold v. Hale*, 397 Ill. 567, 75 N.E.2d 27. These cases were decided under the provisions of section 58 of the Levee Act which contained essentially the same language as that above quoted from section 8—3 of the Illinois Drainage Code.

In *Westerhold, supra*, the Federal government, acting through the War Department undertook to construct flood control improvements. The Wood River Drainage and Levee District (as in the instant case) was required to purchase rights of way and maintain the structures after the work was completed. The lands annexed involved some 6500 owners. The supreme court affirmed the order of the county court which ordered the lands annexed. In its opinion the court, at page 574, stated:

> "The court's power to act in a proceeding under section 58 is limited to the purposes specified in the act. It provides a means whereby lands that are not within a drainage district but which will receive benefits from the work of the district may be annexed to and made a part of it. *It is purely an annexation proceeding, and, as was held in People ex rel. King v. North Fork Outlet Drainage Dist. 331 Ill. 68, it cannot be construed as authorizing action which would enlarge the district and extend its work beyond what would be required to carry out the purposes of the district as originally constituted.*" (Emphasis added.)

The emphasized portion of the quoted portion of the *Westerhold* opinion, it is argued, prohibited the entry of the order appealed from. We first note that the factual circumstances in *Westerhold* are very similar to

those present here. *People ex rel. King v. North Fork Outlet Drainage District*, 331 Ill. 68, 162 N.E. 184, involved an attempt by the Commissioner to greatly enlarge the district just 5 years after its formation. The supreme court held that section 58 of the Levee Act did not permit a drainage district to construct a more extensive system of drains than necessary "* * * to properly drain the lands of the district as organized, with a view later to annex other territory * * *" and "* * * in anticipation of the annexation of other land to the district." 331 Ill. 68, 74, 75.

In *People ex rel. Clifton v. Swearingen*, 273 Ill. 630, 113 N.E. 166, 22 land owners petitioned to organize a drainage district encompassing 3020 acres of land. An order allowing the petition was entered December 11, 1909. Within a period of approximately 2 years the Commissioners filed successive petitions to annex land which would have enlarged the district to an area in excess of 30,000 acres. The court, in holding that the additional lands could not be annexed, found that the original district had been formed "* * * with a view to organize a much larger district * * *" and that the proceedings "* * * show an attempt to organize the district by first organizing a small body of land as a nucleus, in the form of a district, and then, by adding other lands on complaint of the commissioners and against the will and protest of the added landowners, and after abandoning the first system of drainage, to expand the district to its intended dimensions, with suitable and sufficient drainage for the entire district." 273 Ill. 630, 638, 639.

This record discloses no effort to circumvent the statute. The precise date of the organization of the Clear Creek Special Drainage District is not established. The parties agree, however, that it has been in existence for many years; it was apparently established between 50 and 70 years ago. It was clearly not organized as a "nucleus" around which to organize a larger district, nor was it formed "with a view later to annex other territory."

■■ The annexation in question is within the purview of the statute. The trial judge found that the lands sought to be annexed will be benefited by the work of the district. The judgment is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.